NicpiolsoN, C. J.,
delivered the opinion of the Court.
J. B. Moore held a note on Eichard D. Scruggs, William S. Creed and William C. Scruggs; the name of William C. Scruggs was -signed as security. Moore recovered judgment against all three of the payors, in the Circuit Court of Jefferson county. At the same term of the court, William C. Scruggs moved for and obtained judgment against Eichard D. Scruggs and William S. Creed, for the amount of said judgment of Moore, against the three payors of the note. This judgment was rendered in favor of William C. Scruggs as surety, against the other two payors as principals, the fact of his suretyship appearing on the face of the note.
William S. Creed files his bill to enjoin said judgment, and alleges that said William C. Scruggs and himself were co-sureties of Eichard D. Scruggs, to the note; that the judgment was taken without notice, and that the fact of his being co-surety with said William C. Scruggs was fraudulently suppressed. Defendant, William C. Scruggs, denies that complainant and himself were co-sureties, and insists that he was surety of the other two payors; and that the judgment was, in all respects, valid.
Complainant having waived an answer on oath, the answer of defendant has the effect only of making up the isue between the parties.
The evidence is satisfactory as to the character in which complainant and defendant signed the note. Al *592 though complainant signed the note without indicating his suretyship, the proof shows that he did sign, as such surety; and it is reasonably certain, from the facts and circumstances, that defendant knew, when he signed the note, that complainant was not a principal, but only a surety to the note.
Upon these facts, and it not appearing that defendant had paid the judgment, or any part thereof, he had no right to judgment by motion, against complainant, who was his co-surety. Code, 3625. But the judgment was not -void for the reason that it did not appear upon the face of the note, that complainant was a co-surety. According to the face of the note, the Court was authorized to render the judgment under section 3620 of the Code. The judgment was, however, voidable upon showing the fact that complainant was not a principal, but a co-surety. This fact having been shown, complainant is entitled to relief; but as complainant is justly liable to pay one-half of the judgment, this Court will not deprive the defendant of his legal advantage without requiring complainant to do equity by paying his ratable share of the judgment. Estis v. Patton, 3 Yerg., 382. This is the conclusion to which the Chancellor came; and we affirm his decree. The costs of this Court will be divided.